Filed 3/12/21  P. v. Farron CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C091431 |
| Plaintiff and Respondent, | (Super. Ct. No. P17CRF0248) |
| v. | |
| GREGORIO PABLO FARRON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gregorio Pablo Farron has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error in defendant's favor, we affirm.

1

FACTUAL BACKGROUND

Defendant and R.B. were neighbors and friends who spent a lot of time together over the years. After one late evening together, El Dorado County Sheriff's Deputies Hartfield and Elledge were dispatched to R.B.'s home when a friend called in a report. When he answered the door, R.B. was covered in blood, agitated, and worked up. R.B. had difficulty staying focused, displayed obvious signs of intoxication, admitted he had consumed "copious" amounts of alcohol, and boasted of his toughness. R.B. reported defendant had attacked him with a bat. Hartfield found a bat that appeared to have blood on it behind the front door.

When medical personnel removed the bandage on R.B.'s head, he had a two- to three-inch bleeding laceration at the top of his head. He also had a laceration on his forearm. R.B. later received 15 staples to his head. He has developed short-term memory loss, balance issues, and tinnitus. R.B. has also filed a civil suit against defendant.

Four deputies went to defendant's home and interviewed him. Defendant claimed R.B. slammed the door on him as he left and he got angry with R.B. He did not appear injured or intoxicated.

R.B. and defendant gave differing accounts of the events leading up to R.B.'s injuries. R.B. described an unprovoked attack by defendant. Defendant described an act of self-defense.

*Prosecution Case*

R.B. described his friendship over the years with defendant. He noted one time they got into a "joking around scuffle" when defendant tried to trip R.B. and R.B. pushed him to the ground. Defendant got angry, did not visit R.B. for about one month, and then told R.B. if he put his hands on him again, they would not be friends.

One night, as he regularly did, defendant stopped by R.B.'s home on his way home from work. R.B. was with a neighbor drinking cocktails. Defendant joined them,

2

all three, drinking beer and smoking marijuana. The neighbor decided to go home early in the morning, but was too intoxicated to walk on his own. Defendant helped him home and returned to R.B.'s. R.B. was sitting in a recliner, and the two continued to drink and talk.

R.B. testified he said he was tired and ready for bed and defendant said he wanted to finish his beer. Defendant then walked outside to smoke marijuana. When R.B. smelled the marijuana, he reached from his recliner and pushed the door shut. As the door closed, R.B. believed defendant's hand was caught between the door and the door jamb. Defendant came back inside, looking angry. He sat for a while, rubbing his chin, and looking at R.B.'s baseball bat. R.B. looked away and when he turned back, defendant was standing over him with the bat. Defendant swung the bat and hit R.B. repeatedly until R.B. fell to the floor. Defendant then threw the bat into the living room and slammed the door as he left the house.

R.B. stayed on the floor for another 30 minutes. He woke later to blood running down his head. He wrapped his head in a bandage and took pictures of his injuries. Later, he called friends and relatives and said defendant had attacked him with a baseball bat. One of the friends called the police.

*Defense Case*

Defendant described his friendship in similar terms as R.B. had. But, he also testified R.B. drinks a lot and when he is drunk, he becomes violent. R.B. likes to fight and bragged about fighting with others.

Defendant also described the "joking around scuffle" R.B. had described, but in slightly different terms. He said defendant had been drunk, grabbed defendant, wrestled with him, and threw him to the ground. Defendant told R.B. not to touch him again or they would no longer be friends.

Defendant's version of the night of the assault was much the same as R.B.'s, until he returned from walking the neighbor home. Defendant testified when he returned from

3

the neighbor's, R.B. started getting agitated, he was punching furniture and saying he wanted to "kick somebody's ass." Defendant got up to leave and as he walked to the door, he was hit on the forehead and foot by the door and knocked back over the couch and table. Defendant was angry and asked R.B. why he had hit him with the door. R.B. confronted defendant, pushed him, and threatened to kick his ass and throw him out the window. Based on R.B.'s history, defendant took the threat seriously. They both tried to get the baseball bat, and defendant got there first.

R.B. charged defendant in a boxer's stance and tried to grab him. Defendant tried to back up, then hit R.B. repeatedly in the body with the bat. R.B. continued to charge defendant, and defendant was fearful for his life, so he hit R.B. on the top of the head with the bat. When he hit R.B. on the head, R.B. stopped charging and apologized. Defendant threw down the bat and went home.

Defendant sought medical treatment. He had a small contusion to his forehead, postconcussive syndrome, muscle strain, and a strained left foot.

Multiple other friends and neighbors also testified as to R.B.'s excessive drinking, and his angry and aggressive demeanor and violent behavior when he drank too much.

PROCEDURAL HISTORY

An information charged defendant with assault with a deadly weapon, i.e., a wooden bat (Pen. Code, § 245, subd. (a)(1)).[1] A jury found defendant guilty.

The trial court sentenced defendant to five years' probation conditioned on serving 364 days in county jail. Among the terms and conditions of probation, the trial court ordered defendant to participate in and complete anger management and issued a protective order for R.B. Defendant was ordered to pay a $60 administrative fee

---

[1] Undesignated statutory references are to the Penal Code.

4

(§ 1205), a $300 restitution fine (§ 1202.4), and an identical probation revocation fine stayed pending successful completion of probation.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record pursuant to *People v. Wende* has disclosed no arguable errors in defendant's favor.

DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　HOCH, J.



We concur:



　/s/_____
RAYE, P. J.



　/s/_____
HULL, J.